IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| COMMERCIAL ONE ELECTRICAL CONTRACTORS, INC.,  ) | |
| ) | |
| Plaintiff,  ) | |
| v.  ) | Case No. 3:12cv888 |
| ) | TRIAL BY JURY IS |
| TRANE U.S. INC., et al.  ) | DEMANDED |

COMMERCIAL ONE ELECTRICAL CONTRACTOR'S, INC.'S
MEMORANDUM IN SUPPORT OF
ITS MOTION FOR ENTRY OF JUDGMENT
AGAINST URBAN GRID SOLAR, INC.
PURSUANT TO *CODE OF VIRGINIA §8.01-28 (1950 AMENDED)*

COMES NOW the Plaintiff, Commercial One Electrical Contractors, Inc. and files this Memorandum in Support of its Motion for Entry of Judgment against Urban Grid Solar, Inc. pursuant to *Code of Virginia §8.01-28 (1950 amended)*; and says:

*Facts*

1. On December 17, 2012, Commercial One filed the Complaint at bar against Trane U.S., Inc. (hereinafter "Trane"), Gilbane Building Company of Rhode Island (hereinafter "Gilbane"), Urban Grid Solar, Inc. (hereinafter "Urban Grid"), Travelers Casualty and Surety Company of America (hereinafter "Travelers"), and Lexon Insurance Company (hereinafter "Lexon"). ECF No. 1.

2. Commercial One supported its demand for breaches of contract against Urban Grid with both a statement of account and affidavit. ECF No. 1, Exh. 26.

3. Commercial One caused Urban Grid to be served on January 9, 2013. ECF No. 31.

4. Urban Grid answered, filing both a Motion to Dismiss as to Commercial One's claims against it for 42 U.S.C. §1981 and statutory conspiracy to injury a business and an Answer.

ECF No. 35 & 37, respectively.

5. Urban Grid did not file an affidavit of any sort when filing its Answer. ECF No. 37.

6. Urban Grid admitted to contracting with Commercial One. ECF No. 37, <u>Urban Grid Answer</u> ¶25.

7. Commercial One pleaded as follows: "Urban Grid did not and has not paid Commercial One in full as claimed by Commercial One.," to which Urban Grid admitted "the allegations contained in paragraph 58 but denies that Commercial One is entitled to the amount claimed in its lawsuit." ECF No. 1, <u>Cmpl</u> ¶58 & ECF No. 37, <u>Urban Grid Answer</u> ¶58.

8. Commercial One pleaded as follows: "Nevertheless, Urban Grid admitted to owing Commercial One monies in a meeting with Commercial One and the City of Richmond Economic Development Authority on July 24, 2012 as confirmed by e-mail from Urban Grid to the meeting participants of July 25, 2012. Exhibit 24, Urban Grid E-mail Admitting Owing Monies to Commercial One ," to which Urban Grid admitted the allegations of this paragraph. ECF No. 1, <u>Cmpl</u> ¶59 & ECF No. 37, <u>Urban Grid Answer</u> ¶59.

9. Commercial One pleaded as follows: "At all times relevant herein, Urban Grid knew that it owed Commercial One monies for its work on the Project," to which Urban Grid admitted. ECF No. 1, <u>Cmpl</u> ¶110 & ECF No. 37, <u>Urban Grid Answer</u> ¶110.

10. Commercial One pleaded as follows: "Commercial One is owed $243,971.24 plus interest due from April 12, 2012 from Urban Grid for both contracts on 14th Street and VDC and as set forth in the accounting and affidavit attached hereto as Exhibit 26," to which Urban Grid admitted stating "[t]o the extent that Commercial One complied with all the terms of any agreement between Commercial One and Urban Grid Solar, Inc., including but not limited to,

proper licensure, Urban Grid Solar, Inc. admits that Commercial One may be due certain monies for work performed on the project." . ECF No. 1, <u>Cmpl</u> ¶142 & ECF No. 37, <u>Urban Grid Answer</u> ¶142.

11. Urban Grid used this same response as used in paragraph 142 in its Answer for paragraphs 134, 135, 143 & 144 wherein Urban Grid further stated "[a]ll other allegations contained in paragraph [134, 135, 143, & 144] of the Complaint are denied." ECF No. 37.

12. Urban Grid admitted the allegations of paragraph 142 as shown by its further pleading in paragraphs 134, 135, 143 & 144. ECF No. 37.

13. Urban Grid further adopted this admission as an answer to paragraphs 132, 141 & 153 of the Complaint as set forth in the self-same paragraphs of its Answer. ECF No. 37.

### *Legal Argument*

> In any action at law on a note or contract, express or implied, for the payment of money... if (i) the plaintiff files with his motion for judgment or civil warrant an affidavit made by himself or his agent, stating therein to the best of the affiant's belief the amount of the plaintiff's claim, that such amount is justly due, and the time from which plaintiff claims interest, and (ii) a copy of the affidavit together with a copy of any account filed with the motion for judgment or warrant and, in actions pursuant to § 55-225 or § 55-248.31, proof of required notices is served on the defendant as provided in § 8.01-296 at the time a copy of the motion for judgment or warrant is so served, **the plaintiff shall be entitled to a judgment on the affidavit and statement of account without further evidence unless the defendant either appears and pleads under oath or files with the court before the return date an affidavit or responsive pleading denying that the plaintiff is entitled to recover from the defendant on the claim**. A denial by the defendant in general district court need not be in writing. The plaintiff or defendant shall, on motion, be granted a continuance whenever the defendant appears and pleads. If the defendant's pleading or affidavit admits that the plaintiff is entitled to recover from the defendant a sum certain less than that stated in the affidavit filed by the plaintiff, judgment may be taken by the plaintiff for the sum so admitted to be due, and the case will be tried as to the residue.

VA. CODE § 8.01-28 (1950 amended).

14. Urban Grid admitted that Commercial One was owed monies based on contract for

the supplying of labor and materials to the Project. FED. R. CIV. P. 8(b)(1)(B).

15. Urban Grid did not deny that Commercial One is entitled to recover on its claim for breach of contract for supply labor and materials to the Project. VA. CODE §8.01-28 (1950 amended).

16. Urban Grid did not admit or otherwise state an amount owed to Commercial One. *Id.*

17. Urban Grid owes Commercial One as Commercial One stated in its account and affidavit. *Id.*, ECF No. 1, Cmpl ¶¶ 25, 58, 59, 110 & 142 & Exh. 26.

18. Commercial One is owed by Urban Grid Solar, Inc. as follows: in the amount of $243,971.24 plus pre-judgment and post-judgment interest at one percent (1%) per month after the initial seven (7) days of non-payment, ECF No. 1, Exh. 2, Commonwealth of Virginia Contract between Owner and Design Build Contractor ¶5; or interest at the discounted ninety-day U.S. Treasury bill rate as established by the Weekly Auction and as reported in the publication entitled the Wall Street Journal on the weekday following such Weekly Auction with the interest fluctuating on a weekly basis as established by the immediately prior Week Auction, ECF No. 1, Exh 1, General Conditions ¶¶37(c) & 36(i); as well as costs to include filing fee and services costs in this behalf expended.

WHEREFORE, Commercial One Electrical Contractors, Inc. respectfully moves and pray that the Court enter judgment in its favor and against Urban Grid Solar, Inc. as set forth in its Motion and this Memorandum pursuant to *Code of Virginia §8.01-28 (1950 amended)* in the amount of $243,971.24 plus pre-judgment and post-judgment interest at one percent (1%) per month after the initial seven (7) days of non-payment, ECF No. 1, Exh. 2, Commonwealth of Virginia Contract between Owner and Design Build Contractor ¶5; or interest at the discounted

ninety-day U.S. Treasury bill rate as established by the Weekly Auction and as reported in the publication entitled the Wall Street Journal on the weekday following such Weekly Auction with the interest fluctuating on a weekly basis as established by the immediately prior Week Auction, ECF No. 1, Exh 1, General Conditions ¶¶37(c) & 36(i); as well as costs to include filing fee and services costs in this behalf expended and that such other and further and general relief as the nature of the case may require and to equity may seem meet.

                Respectfully submitted,
                COMMERCIAL ONE ELECTRICAL
                CONTRACTORS, INC.

                By:_____/s/_____
                       Of Counsel

Darren Marshall Hart, VSB #36794
HART & ASSOC., P.C.
9025 Forest Hill Avenue, First Floor
Richmond, VA 23235
(804) 673-9339
(804) 673-9969
Info@Richmond-Law.com

CERTIFICATE OF SERVICE

        I hereby certify that I will file a true and accurate copy of the foregoing with the Clerk of Court for the United States District Court for the Eastern District of Virginia, Richmond Division, this 1st day of January, 2013 using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

William R. Mauck, Jr., Esquire
Henry N. Ware, Jr., Esquire
Patricia Bugg Turner, Esquire
W. Randolph Robins, Jr., Esquire
SPOTTS FAIN, P.C.
411 E. Franklin St.
Suite 60
Richmond, VA 23219
email: bmauck@spottsfain.com
hnware@spottsfain.com
pturner@spottsfain.com
rrobins@spottsfain.com
*Counsel for Trane U.S., Inc.*

Richard T. Pledger (VSB No. 28102)
Archibald Wallace, III (VSB No. 6005)
Thomas J. Moran (VSB No. 71296)
Christopher A. Cheuk (VSB No. 70891)
WallacePledger, PLLC
The Capstone Center
7100 Forest Avenue
Suite 302
Richmond, VA 23226
Telephone: (804) 282-8300
Facsimile: (804) 282-2555
email: rpledger@wallacepledger.com
*Counsel for Lexon Insurance*

Thomas M. Wolf (VSB No. 18234)
Vijay K. Mago (VSB No. 40531)
Alison D. Hurt (VSB No. 77368)
LeClairRyan, P.C.
Riverfront Plaza, East Tower
951 East Byrd Street,
P.O. Box 2499
Richmond, Virginia 23218-2499
Phone: (804) 916-7143
Fax: (804) 916-7243
*Counsel for Gilbane Building Co.*
*of Rhode Island*
*and Travelers Casualty and*
*Surety Company of America*

John R. Owen (VSB No. 39560)
Dannel C. Duddy (VSB No. 72906)
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, VA 23255
(804) 747-5200
(804) 747-6085-facsimile
jowen@hccw.com
dduddy@hccw.com
*Counsel for Urban Grid Solar, Inc*

                                                            /s/_____
                                                             Of Counsel

Darren Marshall Hart, VSB #36794
*Attorney for Commercial One Electrical Contractors, Inc.*
HART & ASSOC., P.C.
9025 Forest Hill Avenue, First Floor
Richmond, Virginia 23235
(804) 673-9339; (804) 673-9969 facsimile
Info@Richmond-Law.com