IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

COMMERCIAL ONE ELECTRICAL
CONTRACTORS, INC.,

  Plaintiff,

v.                                                  Case No. 3:12-cv-888-REP

TRANE U.S. INC., GILBANE BUILDING
COMPANY OF RHODE ISLAND T/A
GILBANE BUILDING CO., TRAVELERS
CASUALTY AND SURETY COMPANY OF
VIRGINIA, URBAN GRID SOLAR, INC.,
AND LEXON INSURANCE COMPANY,

  Defendants.

### URBAN GRID SOLAR, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT

The Defendant Urban Grid Solar, Inc., by counsel, states as follows for its Memorandum in Opposition to Plaintiff's Motion for Entry of Judgment:

### FACTS

On December 17, 2012, Plaintiff filed a Complaint in this Court alleging that the respective defendants breached contracts, interfered with the Plaintiff's contract rights in violation of 42 U.S.C.§ 1981, and/or conspired to injure the Plaintiff's business.  See Complaint. These alleged activities were in connection with certain construction work at the 14th Street Parking Deck and the Virginia Distribution Center in Richmond, Virginia.  Id.

On January 30, 2013, Urban Grid filed a timely Answer and Rule 12(b)(6) Motion to Dismiss the 42 U.S.C. §1981 and business conspiracy claims as unfounded.  See Answer; see Urban Grid's Rule 12(b)(6) Motion to Dismiss and Memorandum in Support.  In its Answer, Urban Grid admitted the truth – that Urban Grid may owe money to the Plaintiff as a result of

1

these projects. However, as the amount due is disputed, Urban Grid denied the amount claimed by the Plaintiff in its Complaint and the Affidavit it attached thereto. See Complaint; see Answer. While Urban Grid believes that the amount claimed by the Plaintiff is inaccurate, Urban Grid does not itself know the exact amount which may be due, and therefore did not provide an exact figure due in its Answer – a figure which would almost certainly would have been inaccurate, misleading, and a lie. See Answer.

Now, Plaintiff seeks to take advantage of Urban Grid's honesty and has filed this "gotcha" motion based on Virginia Code Section 8.01-28. Plaintiff argues that, because Urban Grid admitted that it may owe money to Plaintiff, but did not specify an amount certain due, Plaintiff is entitled to immediate judgment on the full amount Plaintiff claims - $243,971.24, plus interest. However, this is based on an inaccurate and manifestly unfair reading of Virginia Code Section 8.01-28 that incentivizes the very conduct the statute was designed to prevent – the baseless denial of a debt to another solely to delay proceedings.

## ARGUMENT

As correctly set forth in the Plaintiff's Motion, Virginia Code § 8.01-28 states as follows:

> In any action at law on a note or contract, express or implied, for the payment of money, or unlawful detainer pursuant to §55-225 or § 55-248.31 for the payment of money or possession of the premises, or both, if (i) the plaintiff files with his motion for judgment or civil warrant an affidavit made by himself or his agent, stating therein to the best of the affiant's belief the amount of the plaintiff's claim, that such amount is justly due, and the time from which plaintiff claims interest, and (ii) a copy of the affidavit together with a copy of any account filed with the motion for judgment or warrant and, in actions pursuant to § 55-225 or § 55-248.31, proof of required notices is served on the defendant as provided in § 8.01-296 at the time a copy of the motion for judgment or warrant is so served, the plaintiff shall be entitled to a judgment on the affidavit and statement of account without further evidence unless the defendant either appears and pleads under oath or files with the court before the return date an affidavit or responsive pleading denying that the plaintiff is entitled to recover from the defendant on the claim. A denial by the defendant in general district court need not be in writing. The plaintiff or defendant shall, on motion, be granted a continuance whenever

> the defendant appears and pleads. If the defendant's pleading or affidavit admits that the plaintiff is entitled to recover from the defendant a sum certain less than that stated in the affidavit filed by the plaintiff, judgment may be taken by the plaintiff for the sum so admitted to be due, and the case will be tried as to the residue.

VA. CODE ANN. § 8.01-28 (1950 amended). Plaintiff claims that this statute entitles it to judgment on the full amount it claims, but such a claim ignores the plain fact that Urban Grid has filed a responsive pleading, an Answer, denying that Plaintiff is entitled to recover what Plaintiff is claiming - $243,971.24, plus interest. See Answer. Furthermore, the Plaintiff's reading of the statute ignores the last line of the statute: "[i]f the defendant's pleading or affidavit admits that the plaintiff is entitled to recover from the defendant a sum certain less than that stated in the affidavit filed by the plaintiff, judgment may be taken by the plaintiff for the sum so admitted to be due, and the case will be tried as to the residue." Although Urban Grid has admitted that it may owe money, it has not admitted that it owes any sum certain. As such, the case should "be tried as to the residue" – the entire amount the Plaintiff claims.

Most important, however, Plaintiff's argument ignores both the purpose of Virginia Code Section 8.01-28 and case law from the Virginia Supreme Court interpreting the statute. Virginia Code Section 8.01-28 "was intended to prevent continuances, at the instance of defendants, where the grounds thereof were apparently for delay only, and required the plea to be supported by the oath of the pleader as an evidence of his good faith in the merits of his defense." Paris v. Brown, 143 Va. 896, 900 (1925) (interpreting the predecessor to Va. Code Ann. § 8.01-28, Section 6133 of the Virginia Code of 1919). In other words, the statute was intended to force defendants to make an affirmative good faith statement that plaintiff was not entitled to the amount claimed rather than file an answer denying such for the sole purpose or effect of improperly dragging the matter out. As such, "[w]hen the requirements [of the statute]

have been substantially met the defendant should be given an opportunity to present to the court or jury the facts upon which his plea is based." Id.

The Virginia Supreme Court expressly dealt with the Plaintiff's argument in 1934. In Levitin v. Norfolk National Bank of Commerce and Trusts, 163 Va. 694, 177 S.E. 205 (1934), the plaintiff alleged in his initial plea that the defendant owed $22,124.35, plus interest and attorneys fees. The defendant made a plea in response and filed an affidavit[1] admitting that the defendant owed the plaintiff money but denying that $22,124.35 was the amount due, such amount having been reduced by various prior payments. Id. at 696, 177 S.E. at 206. The plaintiff moved to strike this affidavit and enter judgment for the full amount claimed on the basis that the defendant's affidavit failed to comply with then Virginia Code Section 6133. Id. at 697, 700, 177 S.E. at 206, 207. The trial court granted this motion, and the defendant appealed. Id. at 696-98, 177 S.E. at 206.

On appeal, the Virginia Supreme Court held that substantial compliance with then Virginia Code Section 6133 was all that was required. Id. at 699, 177 S.E. at 207. "[The defendant] swore as accurately as he could in his affidavit…It may well have been that the defendant[] sincerely questioned the accuracy of the aggregate sum…claimed…at least we cannot say that the statement in the affidavit is a sham one or that it was concocted for the purposes of delay." Id. at 699-700, 177 S.E. at 207. "We believe that, if the defendant…has a valid defense against the claim, or any part thereof, which is asserted against him, technical objections to pleadings and formal court procedure should not be accepted to prevent him from interposing it." Id. at 700, 177 S.E. at 208. The Virginia Supreme Court held that the defendant's affidavit, which had admitted that monies were due but did not specify an exact

---

[1] Virginia Code Section 6133, the precursor to Virginia Code Section 8.01-28 which was in effect at the time of the decision, required that the defendant file an affidavit denying the amount claimed. Virginia Code Section 8.01-28 allows for either an affidavit or a responsive pleading.

4

amount due, substantially complied with the statutory requirements and the entry of judgment against the defendant was therefore improper. Id. at 701, 177 S.E. at 208.

Like in Levitin, Plaintiff has claimed a specific amount due. Also like in Levitin, Urban Grid has admitted that the Plaintiff may be due monies, but has denied that the amount claimed by the Plaintiff is the amount due. Urban Grid has done so in good faith and with an honest belief as to the veracity of its denials. Neither the Plaintiff, nor this Court, can say "that the statement in the [answer] is a sham one or that it was concocted for the purposes of delay". Urban Grid has complied with the requirements of Virginia Code Section 8.01-28 and, to the extent it has not, it has substantially complied with these requirements – which is all that is necessary under Virginia law. As such, the Plaintiff's Motion should be denied and this case should proceed as to its merits.

WHEREFORE, for the foregoing reasons, Urban Grid Solar, Inc., asks this Court to deny the Plaintiff's Motion for Entry of Judgment Against Urban Grid Solar, Inc.

**URBAN GRID SOLAR, INC.**

By Counsel

/s/_____
John R. Owen
VSB No. 39560
Dannel C. Duddy
VSB No. 72906
Attorneys for Urban Grid Solar, Inc.
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
(804) 747-5200
(804) 747-6085 – facsimile
jowen@hccw.com
dduddy@hccw.com

# **C E R T I F I C A T E**

I hereby certify that on the 15th day of February, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Darren M. Hart, Esq.
Hart & Assoc., P.C.
9025 Forest Hill Avenue, First Floor
Richmond, VA 23235

Patricia B. Turner, Esq.
Spotts Fain P.C.
411 East Franklin Street, Suite 600
Richmond, VA 23218

Vijay K. Mago, Esq.
LeClairRyan
Riverfront Plaza, East Tower
951 East Byrd Street, Eight Floor
Richmond, VA 23219

Richard T. Pledger, Esq.
WallacePledger, PLLC
The Capstone Center
7100 Forest Avenue, Suite 302
Richmond, VA 23226

Archibald Wallace, III, Esq.
WallacePledger, PLLC
The Capstone Center
7100 Forest Avenue, Suite 302
Richmond, VA 23226

Thomas J. Moran, III, Esq.
WallacePledger, PLLC
The Capstone Center
7100 Forest Avenue, Suite 302
Richmond, VA 23226

Christopher Alan Cheuk, Esq.
WallacePledger, PLLC
The Capstone Center
7100 Forest Avenue, Suite 302
Richmond, VA 23226

Alison D. Hurt, Esq.
LeClairRyan
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, VA 23219

Thomas M. Wolf, Esq.
LeClairRyan
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, VA 23219

/s/
John R. Owen
VSB No. 39560
Dannel C. Duddy
VSB No. 72906
Attorneys for Urban Grid Solar, Inc.
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
(804) 747-5200
(804) 747-6085 – facsimile
jowen@hccw.com
dduddy@hccw.com

7