IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



COMMERCIAL ONE ELECTRICAL
CONTRACTORS, INC.,

    Plaintiff,

v.                              Civil Action No. 3:12cv888

TRANE U.S., INC.,
et al.,

    Defendants.

**MEMORANDUM OPINION**

This matter is before the Court on the DEFENDANT TRANE U.S. INC.'S MOTION TO DISMISS (Docket No. 9); DEFENDANT GILBANE'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) (Docket No. 24); DEFENDANT TRAVELERS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) (Docket No. 26); URBAN GRID SOLAR, INC.'S MOTION TO DISMISS (Docket No. 35); and COMMERCIAL ONE ELECTRICAL CONTRACTOR'S, INC.'S MOTION FOR ENTRY OF JUDGMENT AGAINST URBAN GRID SOLAR, INC. PURSUANT TO CODE OF VIRGINIA § 8.01-28 (1950 AMENDED) (Docket No. 38). Having reviewed the motions, the responses, and the replies, the motions are disposed as set forth below.

**STATEMENT OF FACTS**

In a forty-one (41) page Complaint, the plaintiff, Commercial One Electrical Contractors, Inc. ("Commercial One"), asserts eight numbered counts against Trane, U.S. Inc. ("Trane), Gilbane Building

Company of Rhode Island t/a/ Gilbane Building Co. ("Gilbane"), Travelers Casualty and Surety Company of America ("Travelers"), Urban Grid Solar, Inc. ("Urban Grid"), and Lexon Insurance Company ("Lexon"). The Complaint invokes jurisdiction over Trane, Gilbane and Urban Grid under 42 U.S.C. § 1981 and, because Urban Grid is a Virginia corporation, whose presence in the case destroys complete diversity of citizenship, the Court presumes that Commercial One asks the Court exercise jurisdiction over the remainder of the case pursuant to supplemental jurisdiction, 28 U.S.C. § 1367.

Counts 1, 2 and 3 assert claims under 42 U.S.C. § 1981 against Trane, Gilbane and Urban Grid allegedly for discriminatory interference with Commercial One's right to contract on a racial basis. Count 4 asserts, against those three defendants, a statutory conspiracy claim for intentional injury to the trade or business of another under 18.2-499 and 500 of the Va. Code. Counts 5 and 6 assert breach of contract claims against Urban Grid. Count 7 asserts a payment bond claim against Lexon. Count 8 asserts a payment bond claim against Travelers.

The Complaint is quite laden with conclusions. At base, it alleges that Trane contracted with the Commonwealth of Virginia's Department of General Services to perform certain construction work at the Fourteenth Street parking deck and the Virginia Distribution Center. Trane, it is alleged, then subcontracted with Gilbane to perform certain parts of the work and to manage the construction

2

projects. Gilbane, in turn, subcontracted parts of the work to Urban Grid, which, in turn, subcontracted electrical work to Commercial One. It is alleged that, after Commercial One completed its work and made a demand for payment, Urban Grid failed to make payments, notwithstanding that certain change orders had been approved by Urban Grid.

It is alleged that Urban Grid did not pay the amounts due under the subcontract between it and Commercial One and under certain change orders to which Urban Grid had agreed and which Commercial One had performed. The Complaint then alleges that Urban Grid breached the subcontract out of racial animus toward Commercial One and in conspiracy with Trane and Gilbane which conspiracy was intended to willfully and malicious Commercial One in its reputation, trade or business. The racial animus allegation is the sole predicate of federal jurisdiction herein.

The motions filed by Trane, Gilbane and Urban Grid all seek dismissal under Fed. R. Civ. P. 12(b)(6) on the same theory: that the Complaint fails adequately to allege any claim of racial discrimination. The motion filed by Travelers also seeks dismissal under Fed. R. Civ. P. 12(b)(6), but on a different theory, in particular that the pleading establishes a failure to provide timely notice, thereby foreclosing relief under the payment bond.

The claims asserted against Lexon and Travelers are all state law breach of contract claims. Travelers seeks dismissal of the

3

claim against it for reasons related to the contract and Virignia contract law. Lexon has not filed a motion to dismiss.

Commercial One has filed a motion for summary judgment against Urban Grid under a Virginia statute.

### DISCUSSION

The essential principles that are dispositive of the motions filed by Trane, Gilbane and Urban Grid are the same. They are summarized as follows.

The federal rules require a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The purpose is to give the defendant fair notice "of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007). Twombly makes quite clear that a plaintiff cannot satisfy the appropriate pleadings standard simply by articulating claims in the forms of labels, conclusions, or by a formulaic incantation of the elements of a claim. Twombly, 550 U.S. at 555. To the contrary, the plaintiff must allege facts that are sufficient "to raise a right to relief above the speculative level" by articulating a claim that is "plausible on its face" rather than merely "conceivable." Twombly, 550 U.S. at 570. "[A] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v.

Iqbal, 129 S. Ct. 1937, 1949 (2009). Accordingly, it is by now quite clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. at 1949.

Measured against the standards of Twombly and Iqbal, the Complaint fails to allege a plausible claim for racial discrimination against Trane, Gilbane or Urban Grid. In fact, notwithstanding that the Complaint runs some forty-one (41) pages, it is barren of any specific factual allegations that would support any reasonable inference, or any plausible claim, of racial discrimination on the part of Trane, Gilbane or Urban Grid. The bottom line to the pleading is simple. It is alleged that Urban Grid refused to pay Commercial One because it was a minority contractor. However, other than the alleged fact that Commercial One was a minority-owned contractor, there is no factual allegation in the Complaint that remotely posits a predicate that Commercial One was not paid because of racial animus on the part of Urban Grid.

The racial animus claim against Trane is even more attenuated. In essence, the Complaint alleges, in conclusory form, that Trane knew that Commercial One was a minority-owned company and that, when it was thusly aware, Trane made various certifications that enabled payment to flow to Gilbane and Urban Grid. That simply is not sufficient to allege a claim under 28 U.S.C. § 1981. Indeed, the

Complaint borders on the frivolous in asserting that the actions alleged to be taken by Trane were animated by racial animus.

The claim against Gilbane is equally lacking in specificity sufficient to warrant a plausible claim of racial animus. According to the Complaint, Gilbane, acting for itself and Trane, entered into a settlement agreement with Urban Grid for the payment on Urban Grid's contract and knew that would deprive Commercial One of its rightful payments by Urban Grid and that Gilbane knew Commercial One was a minority owned contractor. That simply is insufficient.

All three counts of racial discrimination must be dismissed for failure to satisfy the pleading requirements of Twombly and Iqbal. Once is that done, the Court is left with a case that lacks complete diversity of citizenship. Accordingly, the Court lacks subject matter jurisdiction over the remaining claims against all of the defendants.

Under 28 U.S.C. § 1367(c), the district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it had original subject matter jurisdiction. Here, the federal claims must be dismissed for failure to state a claim. There is no basis shown in the papers filed by Commercial One in response to these motions to believe that there is a viable, non-futile claim that could be plead by Commercial One. Under the circumstances, the Court declines to exercise supplemental jurisdiction.

## CONCLUSION

For the reasons set forth above, DEFENDANT TRANE U.S. INC.'S MOTION TO DISMISS (Docket No. 9) as to Count 1 is granted and Count 1, the racial discrimination claim under 42 U.S.C. § 1981 is dismissed with prejudice. The Court having declined to retain jurisdiction over the rest of the case, the Court declines to decide the motion to dismiss Count 4, the claim under Va. Code § 18.2-499 and 2-500. DEFENDANT GILBANE'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) (Docket No. 24) is granted as to Count 2 and Count 2 is dismissed with prejudice and the Court declines to entertain the claim made under Count 4. Count 8 will be dismissed without prejudice, there being a lack of subject matter jurisdiction. Therefore, DEFENDANT TRAVELERS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) (Docket No. 26) is denied without prejudice. URBAN GRID SOLAR, INC.'S MOTION TO DISMISS (Docket No. 35) is granted as to Count 3 which is dismissed with prejudice and the Court declines to decide Count 4 on the basis of a lack of subject matter jurisdiction.

Because the Court has no subject matter jurisdiction, the Court declines to decide COMMERCIAL ONE ELECTRICAL CONTRACTOR'S, INC.'S MOTION FOR ENTRY OF JUDGMENT AGAINST URBAN GRID SOLAR, INC. PURSUANT TO CODE OF VIRGINIA § 8.01-28 (1950 AMENDED) (Docket No. 38).

The defendant, Lexon Insurance Company, has filed no motion, but the Court has no subject matter jurisdiction over the purely state claim asserted against it.

For the foregoing reasons, Counts 1, 2 and 3 will be dismissed with prejudice. The remaining aspects of the action will be dismissed without prejudice for lack of subject matter jurisdiction as to all defendants.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: March __, 2013